UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHARLES H. MARTIN III,

    Plaintiff,

    v.

CAUSE NO.: 3:19-CV-383-JD-MGG

WESTVILLE CORRECTIONAL
FACILITY, et al.,

    Defendants.

OPINION AND ORDER

Charles H. Martin III, a prisoner without a lawyer, filed a complaint. A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Martin alleges that, on December 13, 2018, an unidentified correctional officer ordered him to return to his cell at the Westville Correctional Center. Martin complied with the order, but the correctional officer assaulted him, causing injuries to his neck, back, and left elbow as well as stress and anxiety. For his injuries, he seeks money damages.

Based on these allegations, Martin asserts an Eighth Amendment claim of excessive force. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* "[O]fficers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's rights through the use of excessive force but fail to do so could be held liable under § 1983." *Fillmore v. Page*, 358 F.3d 496, 505–06 (7th Cir. 2004).

While the complaint describes a plausible Eighth Amendment claim of excessive force against the unidentified correctional officer, Martin has not identified a proper defendant. He names the Westville Correctional Center and the E Squad Search Team as a defendant. Though the Westville Correctional Facility is where these events occurred, the prison is a building, not an individual or even a policy-making unit of government that can be sued pursuant to 42 U.S.C. § 1983. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Likewise, the search team is not an individual or other suable entity but is group of individuals that must be separately identified and named as defendants. Therefore, Martin may not proceed against these defendants.

Nevertheless, the court will add the Warden of the Westville Correctional Center for the limited purpose of assisting Martin with identifying the unidentified correctional staff. *See Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 556 (7th Cir. 1996).

2

Instead of filing a response to the complaint, the Warden of the Westville Correctional Center should file a document naming the correctional staff involved in the use of force incident described in the complaint.

For these reasons, the court:

(1) GRANTS Charles H. Martin III leave to proceed on an Eighth Amendment claim of excessive force in relation to the assault that occurred on December 13, 2018;

(2) DIRECTS the clerk to add the Warden of the Westville Correctional Center as a defendant;

(3) DISMISSES the Westville Correctional Center and the E Squad Search Team;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on the Warden of the Westville Correctional Facility at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), the Warden of the Westville Correctional Facility to file a response to this Order by <u>July 8, 2019</u>.

SO ORDERED on June 7, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT